IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL G.,[1] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, Commissioner | : | |
| of Social Security[2] | : | 23-4511 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             August 7, 2024

Michael G. ("Plaintiff") seeks review of the Commissioner's ("Defendant's") decision denying his claims for Disability Insurance Benefits ("DIB"). For the following reasons, I will grant Defendant's uncontested motion to remand this matter back to the Commissioner for further proceedings.

**I.     PROCEDURAL HISTORY**

Plaintiff protectively filed for DIB on May 24, 2019, alleging that he became disabled on February 1, 2018, due to hepatitis, hypertension, high cholesterol, arthritis,

---

[1]Consistent with the practice of this court, to protect the privacy interests of plaintiffs in social security cases, I will refer to Plaintiff using his first name and last initial.  See Standing Order – In re:  Party Identification in Social Security Cases (E.D. Pa. June 10, 2024).

[2]Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner O'Malley should be substituted for Kilolo Kijakazi as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

and asthma.[3]  Tr. at 71, 311, 322.  Defendant denied Plaintiff's claim for DIB on initial review and upon reconsideration.  Id. at 62-70, 72-82.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), id. at 96-97, which occurred on September 12, 2022.  Id. at 38-61.  On September 23, 2022, the ALJ issued a decision finding Plaintiff not disabled.  Id. at 17-31.  On September 22, 2023, the Appeals Council denied Plaintiff's request for review, id. at 1-5, making the ALJ's decision the Commissioner's final decision.  20 C.F.R. § 404.981.

On November 15, 2023, Plaintiff initiated this action.  Doc. 1.  In response to Plaintiff's brief in support of his request for review, see Doc. 9, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted" and that, upon remand, a new decision will issue after further administrative proceedings.  Doc. 10 at ¶¶ 2-3.[4]

## II.    DISCUSSION

The ALJ found that Plaintiff's asthma, major depressive disorder, and mild osteoarthritis are severe impairments.  Tr. at 19.  The ALJ also found that Plaintiff has moderate limitation in the area of concentrating, persisting, or maintaining pace, and mild limitation in the area of adapting or managing oneself.  Id. at 20-21.  In her residual function capacity ("RFC") assessment, the ALJ found that Plaintiff can perform medium

---

[3]At the administrative hearing, Plaintiff amended his alleged onset date to May 24, 2019.  Tr. at 42.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In re: Direct Assignment of Social Security Appeals Cases to Magistrate Judges – Extension of Pilot Program (E.D. Pa. Nov. 27, 2020); Doc. 6.

work as defined in 20 C.F.R. § 404.1567(c) except he must avoid temperature extremes; can tolerate only occasional exposure to dust, odors, wetness, gases, fumes, and poorly ventilated areas; frequently reach, handle, and finger; and perform unskilled simple routine tasks, make simple decisions, and tolerate only occasional changes in the workplace, with no limits on interacting with others.  Id. at 21.  The ALJ found that Plaintiff cannot perform any past relevant work and, based on the testimony of the vocational expert, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically grocery bagger, change person, and stock clerk.  Id. at 29-31.

In his brief, Plaintiff contends that the ALJ (1) underestimated Plaintiff's functional limitations, resulting in a flawed RFC assessment, and (2) failed to properly evaluate the medical opinion evidence.  Doc. 9 at 3.  In view of Defendant's uncontested motion for remand, Doc. 10, I will comment only briefly on the ALJ's decision and some of Plaintiff's issues.

To allow for meaningful judicial review, an ALJ must articulate the basis for an unfavorable decision.  42 U.S.C. § 405(b)(1).  It has long been held that "[t]he ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing Stewart v. Sec'y HEW, 714 F.2d 287, 290 (3d Cir. 1983)).  When there is a conflict in the evidence, the ALJ may choose which evidence to credit and which evidence not to credit, so long as he does not "reject evidence for no reason or for the wrong reason."  Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.

1993)); see also Plummer, 186 F.3d at 429 (same).  Here, the ALJ's conclusions regarding Plaintiff's physical and mental limitations are inconsistent with both the record and the medical opinions upon which the ALJ relied in her decision.

First, as to Plaintiff's physical limitations, the ALJ determined that Plaintiff can perform medium work, tr. at 21, which involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).  This determination is problematic insofar as the report submitted by Ziba Monfared, M.D., which the ALJ incorrectly characterized as approving Plaintiff for "heavy exertion work," tr. at 26,[5] indicates that although Plaintiff can lift up to 50 pounds frequently, she can only occasionally carry objects that weigh 21 to 51 pounds.  Id. at 456 (emphasis added).  Thus, Dr. Monfared's report does not support a finding that Plaintiff can perform heavy or medium exertional work, and the ALJ's characterization of the doctor's opinion in this regard is unfounded.  Similarly, the ALJ found the opinions of Plaintiff's treating hand surgeon, Jonathan Rosenfeld, M.D., to be persuasive, id. at 28-29, but failed to reconcile the doctor's opinion that Plaintiff could lift and carry less than 10 pounds frequently and up to 20 pounds occasionally, id. at 915, with her finding that Plaintiff could perform medium work.  This failure is problematic because, as previously noted, medium work requires the ability to carry over 20 pounds frequently.  20 C.F.R. § 404.1567(c).[6]

---

[5]"Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. § 404.1567(d).

[6]Further, although the ALJ acknowledged the discrepancy between her finding

Second, as to Plaintiff's mental limitations, the ALJ stated that Plaintiff has shown no indication of "impulsivity or panic symptoms," tr. at 21, and has responded well to mental health treatment. Id. at 23, 25-26. These conclusions appear to be inconsistent with the medical record. For example, a mental health report completed by Martha Diprinzo, M.A., indicates that Plaintiff experiences monthly panic attacks and manic symptoms, including "flight of ideas." Id. at 662. While the ALJ found that Dr. Diprinzo's report to be "fairly persuasive," the ALJ did not explain why she discounted the doctor's opinion in this regard. Id. at 27.

Similarly, the ALJ's conclusion that Plaintiff is responding well to medical and therapeutic treatment for his mental health impairments is somewhat inconsistent with the longitudinal record. Dr. Diprinzo opined that Plaintiff's prognosis was "[f]air given the fact that he has received outpatient treatment for a considerable time with limited lessening of his symptoms." Id. at 664. The doctor's assessment is supported by the record, which demonstrates Plaintiff's long-lasting struggles with mental health. See, e.g., id. at 389-427, 470-528 (Plaintiff's primary care physician's treatment records documenting Plaintiff's depression from 2010 through 2019); 677 (treatment notes from Creative Health Services ("CHS") documenting Plaintiff's mental health and depression from 2020 to 2022), 704 (CHS psychiatric evaluation with history of Plaintiff's mental health treatment).

---

that Plaintiff could lift up to 50 pounds occasionally with Dr. Rosenfeld's opinion that Plaintiff could lift up to 50 pounds only rarely, tr. at 28-29, the ALJ did not adequately explain why she discounted this aspect of the doctor's opinion.

Additionally, the ALJ found that although Plaintiff is able to live alone and receives financial help from his family, he can manage his finances. Tr. at 22, 25. This conclusion is not supported by the record. For example, Dr. Diprinzo stated that Plaintiff cannot manage his own funds and that his brother did so instead. Id. at 664. The record demonstrates that Plaintiff repeatedly informed medical providers of this reliance. See, e.g., id. at 533 ("[m]y brother does my finances"), 803 ("[b]rother assists in helping patient use his finances to pay his bills"), 835 ("currently being supported by his family"). Moreover, Plaintiff's testimony supports a finding that Plaintiff is not able to manage his finances. Id. at 44 ("My mom's been paying my bills. My brother has, too."), 332 (Plaintiff stated in Function Report that his brother has been paying his bills). Thus, to the extent the ALJ minimized Plaintiff's mental impairment on the basis that he "manages his finances," id. at 22, the ALJ erred.

In sum, the ALJ's various conclusions as to Plaintiff's functional capacity are inconsistent with the record, including expert medical opinions, and the ALJ failed to inadequately explain discrepancies between the record and her RFC assessment. On remand, the ALJ should address these concerns, if deemed necessary.

### III.   CONCLUSION

Defendant has stated that, on remand, an ALJ will further evaluate Plaintiff's claims, offer an opportunity for a new hearing, and issue a new decision. Because further evaluation of the evidence and a new hearing should address the issues Plaintiff has presented in his Request for Review, I will grant Defendant's uncontested motion for remand.